UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20338-CR-SEITZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DWIGHTE MORLEY,

       Defendant.

_____/

## ORDER DENYING DEFENDANT DWIGHTE MORLEY'S
## RULE 29 MOTION AND MOTION FOR NEW TRIAL

THIS MATTER is before the Court on the post-verdict Motion of Defendant Dwighte Morley for a Judgment of Acquittal, or in the alternative, for a New Trial [122]. The Defendant argues that he is entitled to a judgment of acquittal because there was insufficient evidence for a rational jury to return a verdict of guilty. In the alternative, he asserts that he is entitled to a new trial as the Court erred in denying his motion for mistrial and severance based on prejudicial spillover due to co-defendant's counsel's trial tactics. The Court has considered the motion and the Government's response, and will deny the motion.

Motion for Acquittal

The Government charged Defendant with four counts. In Count 1, he was charged with conspiracy to import 100 kilograms or more of marijuana into the United States. Count 2 charged him with importation of the marijuana in violation of 21 U.S.C. §§ 952(a) and 960(b)(2) and 18 U.S.C. §2. Count 3 charged a conspiracy to distribute 100 kilograms of marijuana. In Count 4,

Defendant was charged with possession of the marijuana in violation of 21 U.S.C.§§841(a)(1), 841(b)(1)(B) and 18 U.S.C. §2. The Government's theory of the case is that the Defendant aided and abetted the crimes as he assisted in setting them up and was to be the lookout. The Defendant does not dispute the sufficiency of the evidence to establish that the charged conspiracies existed. The thrust of his argument is that at best, the evidence showed that he was a knowing spectator and not a participant, and the evidence's insufficiency is underscored by the fact that witness Cash confused him with the Defendant's twin brother, Derrick Morley.

In considering the Defendant's motion, the Court must determine whether, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Williams*, 390 F.3d 1319. (11th Cir 2004). The evidence in this case was that the Defendant met with the co-conspirators, including Cash, King, Derrick Morley, and Phillip Taylor, in Miami at the 47th Avenue and 194th Street location to discuss the drug importation and distribution plan and each participant's respective role – Derrick Morley was to help off-load the drugs and Dwighte was to be the lookout. Cash testified that the Defendant and his brother later met with Philip Taylor and Cash at co-conspirator King's home to empty the van that was to be used to pick up the drugs at Royal Road in Coconut Grove. Cash also testified that one of the brothers, whom he mistakenly believed was the twin on trial, was with him at Royal Road for the off-load. The Government also introduced phone records that showed starting about 9 p.m. the evening of the crime, the Defendant began to travel south from north Miami to Coconut Grove and while he was traveling he made and received calls from the co-conspirators. He arrived in the vicinity of the drug off-load at the time of the importation of the

2

marijuana and while there he placed calls to and received calls from the co-conspirators at the drug off-load site. The call records then showed that he was unable to complete a call to the Royal Road conspirators (about the time a police car interdicted the drug-loaded van), after which Defendant contacted Phillip Taylor prior to Taylor's arrest. After Taylor's arrest, the Defendant placed a call to Taylor which was not connected. After Taylor's arrest and the arrest of some of the Royal Road co-conspirators, the Defendant received a call from his twin brother Derrick who had managed to avoid arrest at Royal Road.

To address Cash's misidentification of Defendant, the Court instructed the jury as follows:

> During the testimony of Delton Edward Case, he identified one of the individuals that assisted him with the off-loading of marijuana on January 23, 2007 as Defendant Dwighte Morley. I state to you now that it is not the theory of the case of the United States that Dwighte Morley was one of the individuals off-loading the marijuana on January 23, 2007. The theory of the case of the United States is that Dwighte Morley was to act as a lookout on January 23, 2007.

Having heard the instructions on the law, the jury considered all the evidence and returned a verdict against the Defendant on all counts. Considering the evidence, in light of the standard set out above, there was sufficient evidence, notwithstanding the misidentification, to find that the Defendant knowingly and intentionally engaged in affirmative conduct to aid in the success of the venture such that he joined in the conspiracy and aided and abetted his co-conspirators to import marijuana into the United States and to possess the marijuana with the intent to distribute it as charged. Therefore, the post-trial motion for judgment of acquittal must be denied.

Motion for New Trial

It is true that counsel for co-defendant, Eugene Russell, conducted himself in a manner inconsistent with the professionalism expected of Florida lawyers in several respects, and such

conduct resulted in his admonishment during the trial. At one particular point, co-counsel attempted to cross-examine Government witness Valentin about whether he had been shown a photo line-up of co-defendant Russell and made the statement that Russell was not the operator of the importation vessel. At side-bar, co-counsel conceded his cross-exam was based on his speculation. When the Government's objection to the line of questioning was sustained, the Defendant moved for a mistrial and for severance on the grounds that co-counsel's trial tactics had a prejudicial spillover effect on his case. The Court denied Defendant Morley's motion for mistrial and severance and instructed the jury that: what the lawyers say is not evidence and that they must consider the case against each defendant separately and individually, and that a finding of guilty or not guilty as to any of the offenses charged should not affect their decision as to any other Defendant. The Court had given a similar instruction during voir dire, during opening instructions and again during closing instructions.

The standard for considering a motion for a new trial on Defendant's grounds is whether the defendant can demonstrate "compelling prejudice" as a result of the spillover effect of being jointly tried with a co-defendant. *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989)(affirming denial of motion to sever). Compelling prejudice requires proof that the jury could not follow the trial court's instructions and separate the evidence relevant to each defendant and reach a fair and impartial verdict as to each defendant. *United States v. Hogan*, 986 F2d 1364, 1375 (11th Cir. 1963). While co-defendant's counsel's conduct made the trial a trying experience for all, the distinction between the two defendants was patently obvious in the diametrically contrasting approaches of the two defendants' separate counsel who were sitting with their respective clients at separate tables. Furthermore, Defendant has not made the requisite showing that the Court's

4

instructions failed to safeguard him against prejudice and that the jury could not and did not follow those instructions and treat each defendant separately and individually. *See United States v. Andrews*, 953 F.2d 1312, 1323-24(11th Cir. 1992).  Therefore, the motion for new trial must be denied.

For the reasons discussed above, it is

ORDERED that Defendant Dwighte Morley's post-trial Motion for Judgment of Acquittal, or in the alternative, Motion for New Trial [DE 122] is DENIED.

DONE AND ORDERED in Miami, Florida, this ____4ᵗᵍ____ day of August, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

5